MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JENNIFER A. PETERSON, ESQ.
Nevada Bar No. 11242
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone: (702) 776-3333
Facsimile: (702) 505-9787
E-Mail: service@the702firm.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIANA GAONA,<br><br>　　Plaintiff,<br><br>vs.<br><br>CARDENAS MARKETS LLC; DOES 1 through 20, inclusive; DOE EMPLOYEES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>　　Defendants. | CASE NO. 2:23-cv-1770<br><br>**STIPULATION AND ORDER TO EXTEND/REOPEN DISCOVERY**<br>**(First Request)** |

　　IT IS HEREBY STIPULATED AND AGREED between the parties that the expert and rebuttal expert deadlines be reopened and all other discovery dates in this matter be extended for a period of one hundred twenty (120) days up to and including August 27, 2024, for the purpose of allowing the parties to obtain additional medical records and experts and take the depositions of the remaining witnesses.

　　This request is made in good faith based on newly discovered evidence. As indicated below, Plaintiff's deposition was recently taken on February 23, 2024, wherein it was discovered that Plaintiff recently underwent a lumbar medial branch block that did not provide significant relief

and that after following up with her pain management doctor on January 22, 2024, she was referred to a psychiatrist for spinal cord stimulator clearance which she is currently undergoing. Based on this new treatment, the parties respectfully request that the expert deadlines be reopened and that the rest of the dates be pushed out 90 days.

## I. DISCOVERY COMPLETED TO DATE

- Defendant made its disclosures on April 7, 2023 and Plaintiff made her initial disclosure on June 12, 2023;
- On May 3, 2023, Defendant served written interrogatories and requests for production to Plaintiff;
- On June 12, 2023, Plaintiff served written interrogatories and requests for production to Defendants;
- On June 12, 2023, Plaintiff responded to Defendant's written interrogatories and requests for production;
- On July 13, 2023, Plaintiff served an initial disclosure of expert witnesses;
- On July 17, 2023, Defendant served its second disclosure of witnesses and documents;
- On July 18, 2023, Defendant served its responses to Plaintiff's written interrogatories and request for production of documents;
- On September 8, 2023, Defendant served its third disclosure of witnesses and documents;
- On October 17, 2023, Plaintiff served her second disclosure of witnesses and documents;
- On October 18, 2023, Defendant served its fourth disclosure of witnesses and documents;

- On July 7, 2023, Plaintiff advised she had a rhizotomy in May, 2023, as well as an MRI. Plaintiff disclosed these records on October 17, 2023, and identified two new medical providers. The new records revealed Plaintiff may need significant pain management in the future. She also updated her computation of damages to claim at least $47,273.94 in past medical expenses. Cardenas then removed this matter to Federal Court.

- On November 7, 2023, the parties filed a Joint Status Report;

- On November 17, 2023, Defendant filed a Notice of Intent to Subpoenas to A Las Vegas Medical Group, Center for Wellness and Pain Care Center, CVS Pharmacy, Durango Outpatient Surgery Center, Dr. Joseph Reyes, Dr. Kimberly Adams, Brandon Snead, Dr. Cord Streibel, Ruth Ramirez, APRN, Dr. Stephanie Shibata, Enzi Abebe APRN-C, and Dr. Wade Hendershot;

- On January 29, 2023, Defendant served its designation of expert witnesses;

- On January 30, 2024, Defendant filed a Joint Interim Status Report;

- On January 30, 2024, Defendant served its fifth disclosure of witnesses and documents;

- On February 23, 2024, Defendant took the deposition of Plaintiff, Adriana Gaona.

## II. DISCOVERY YET TO BE COMPLETED

The parties have not deposed any of Plaintiff's treating physicians;

Plaintiff has not deposed Defendant's FRCP 35 medical examiner Dr. Ely Fish;

Plaintiff has not deposed Defendant's FRCP 30(b)(6) witnesses.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Discovery is still open in this matter until April 29, 2024, however, new information has recently come to light that requires additional time to prepare and for the expert deadlines to be

reopening so that additional experts can be retained. Namely, Plaintiff had her deposition taken on February 23, 2024, wherein the parties just became aware that Plaintiff has been treating with a psychologist seeking clearance for a spinal cord stimulator. Based on this new development, the parties require additional time for Plaintiff to finish her trial with the spinal cord stimulator, and if successful, surgery to implant the permanent impact so that the costs of said procedure and any future recommendations can be incorporated into her damages. This will require naming additional physicians and a future cost estimate as the parties are currently unaware of how much the spinal cord stimulator surgery will cost and what kind of future costs will be required to maintain the spinal cord stimulator in the future.

**IV. PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an Order as follows:

**(A)     Discovery Deadline**

The current discovery cut-off date of April 29, 2024 should be extended for a period of one hundred twenty (120) days, up to and including August 27, 2024.

**(B)     Experts and Rebuttal Experts**

Initial Experts were disclosed before the January 29, 2024 deadline. However, the parties request that the expert disclosure deadline be reopened so that additional experts can be retained based on Plaintiff's new treatment. The parties shall disclose expert reports sixty (60) days before the close of discovery on or before June 28, 2024. The rebuttal expert deadline just closed on February 28, 2024. The parties request that this date be reopened. The parties will disclose rebuttal experts thirty (30) days prior to the close of discovery, or by July 28, 2024.

/ / /

**(C)    Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, or by September 26, 2024.

**(D)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3, any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter  Reply briefs will be allowed only with leave of the Court.

**(E)    Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, or by October 28, 2024, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court.  The disclosures required by Fed. R. Civ.P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F)    Extension or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be

/ / /

/ / /

/ / /

/ / /

supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

    (a)    A statement specifying the discovery completed;

    (b)    A specific description of the discovery that remains to be completed;

    (c)    The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan, and

    (d)    A proposed schedule for completing all discovery.

This request to reopen discovery is made in good faith and joined by all the parties in this case.  The Request is timely pursuant to LR 26-3.  Trial is not yet set in this matter and dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

prejudiced. The extension will allow the parties the necessary time to complete discovery.

DATED this 5th day of March, 2024.

**THE702FIRM**

/s/ Jennifer Peterson
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JENNIFER A. PETERSON, ESQ.
Nevada Bar No. 11242
8335 West Flamingo Road
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

DATED this 5th day of March, 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

/s/ Jonathan Pattillo
MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
JONATHAN C. PATTILLO, ESQ.
Nevada Bar No. 13929
6689 Las Vegas Boulevard S., Ste 200
Las Vegas, NV 89119
*Attorney for Defendant*

**ORDER**

IT IS SO ORDERED:

DATED March 6, 2024

_____
UNITED STATES MAGISTRATE JUDGE
NANCY J. KOPPE